UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | | |
|---|---|---|
| JAMES RANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  3:14-cv-342 |
| | ) | Judge Rice |
| THE CONNOR GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**ACTION FOR DECLARATORY RELIEF**

1. This action arises out of an effort by The Connor Group ("Connor Group"), a landlord that operates several apartment complexes throughout southern Ohio and in several nearby states, to suppress a critical blog authored by James Raney, one of its former tenants.  The blogger included short excerpts from a newsletter that the landlord issues for its staff, made fun of statements in the excerpts, and pointed to excerpts that might offend the landlord's tenants.  To interfere with the effectiveness of the blogger's criticism, Connor Group repeatedly invoked its copyright in posted segments of its newsletter, sending takedown notices to the blogger's hosting service under the Digital Millennium Copyright Act ("DMCA").  Those notices implicitly threatened the host with liability for copyright infringement unless the content was immediately removed.  However, each of the blogger's excerpted postings was fair use, and Connor Group has misused its copyright for a purpose not contemplated by the Copyright Act of 1976—the suppression of criticism. ccordingly, in this action, the blogger seeks a declaratory judgment that he has not infringed Connor Group's copyright in any way.

2. The Court has jurisdiction of this action under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1337 and 1338.

**PARTIES**

3. Plaintiff James Raney is a blogger who was formerly a tenant in the Meridian Apartments in Franklin County, Ohio.

4. Defendant Connor Group is an Ohio limited liability company based in Montgomery County, Ohio.

**FACTS**

5. While he was living in the Meridian Apartments, which are operated by defendant Connor Group, plaintiff Raney became dissatisfied. He started a blog entitled "Meridian Tenants Association," which was located at http://meridian-tenants-assoc.tumblr.com/ and hosted by Tumblr.

6. Among other items posted on the Meridian Tenants Association blog were short excerpts from a company newsletter that Connor Group issues for the benefit of its staff. Raney included images of segments of the newsletter along with his own brief commentary, pointing out features of the newsletter that Raney thought would be of particular interest to his readers and explaining ways in which what Connor Group was telling its employees could be offensive or annoying to its tenants.

7. For example, in one posting, Raney showed readers an article in the employee newsletter about levels of "economic occupancy" (that is to say, the percentage of potential rent actually collected) in excess of 100%, and superimposed comments about the exactions from tenants that made such figures possible. Another posting showed Raney's readers excerpts from a Connor Group newsletter about efforts to achieve high scores on ApartmentRatings.com; along with the excerpts, Raney questioned whether defendant was improperly encouraging its staff to pretend to be tenants posting positive reviews. In posting another excerpted article, praising staff for increasing rent rolls, Raney used a play on words to argue to readers that they had been "rent rolled." Other articles

showing staff being taken on trips by limousine or corporate jet were accompanied by legends from Raney suggesting that tenants were paying too much in rent to support such luxuries.

8. In each case, the copied article was only a small part of the newsletter from which it had been taken. In no case did the publication of a copy deprive Connor Group of a market for copies of the newsletter from which it had hoped to derive financial or other benefits.

9. Nevertheless, Connor Group has repeatedly invoked its ownership of the copyright in the entire newsletters that Raney has excerpted on his blog to force the removal of the excerpts from his blog. Connor Group has sent takedown notices to Tumblr under the DMCA, demanding the removal of the newsletter excerpts. The DMCA gives the hosts of user-supplied online content immunity from suits for damages for copyright infringement based on content supplied by the host's users so long as the hosts are not aware that copyrighted matter has been posted, and so long as, once the hosts learn of copyrighted matter, they promptly secure removal of the copyrighted matter or disable access to that matter.

10. Tumblr responded to Connor Group's DMCA takedown notices by removing the newsletter excerpts from the blog.

**CAUSES OF ACTION**

11. A justiciable and actual controversy exists before this Court with respect to whether whether Raney's posting of excerpts from Connor Group's newsletters on his blog constituted copyright infringement or fair use, and whether Connor Group has misused its copyright to secure the removal of the excerpts. Raney contends that his posting was fair use and that Connor Group has been engaged in copyright misuse; Connor Group contends that Raney's posting constituted copyright infringement.

12. Raney's blog postings of excerpts from Connor Group's newsletters were fair use.

13. Connor Group's issuance of DMCA takedown notices on the theory that Raney's fair use infringed its copyright in the newsletters, thereby threatening Raney's host with liability for infringement, and causing the host to remove the excerpts to avoid losing their immunity from such liability, was copyright misuse.

14. For these reasons, plaintiff seeks a declaration that his posting of excerpts from Connor Group's newsletters was fair use and not copyright infringement, and that Connor Group has been engaged in copyright misuse by successfully demanding the removal of those excerpts.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays the Court to order the following relief:

A. Issue a judgment declaring that Raney's posting of excerpts from Connor Group's newsletters on his blog did not constitute copyright infringement, but rather was fair use;

B. Issue a judgment declaring that Connor Group's invocation of the Copyright Act to procure the removal of excerpts of its newsletters from Raney's blog was copyright misuse;

C. Award Raney his reasonable attorney fees and costs of suit; and

D. Award such other relief as may be just and proper.

Respectfully submitted,

  /s/ Paul Alan Levy
Paul Alan Levy (pro hac vice to be sought)
Jehan A. Patterson

Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-1000

        plevy@citizen.org
        jpatterson@citizen.org

        _/s/ Eric E. Willison_
       Eric E. Willison (Bar No. 0066795)

        4876 Cemetery Road, 2nd Floor
        Hilliard, Ohio 43026
        (614) 580-4316
        eewillison@earthlink.net

        Attorneys for Plaintiff

October 6, 2014