## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## DAYTON DIVISION

| | | |
|---|---|---|
| **JAMES RANEY,** | * | **CASE NO:** 3:14-cv-342 |
| Plaintiff, | * | **JUDGE WALTER H. RICE** |
| v. | * | |
| **THE CONNOR GROUP,** | * | **MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** |
| Defendant. | * | |

Defendant The Connor Group, A Real Estate Investment Firm, LLC ("The Connor Group") hereby moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. A Memorandum in support of this Motion is attached.

Respectfully submitted,

s/Stephen A. Watring
Stephen A. Watring (0007761)
Matthew J. Bakota (0079830)
DUNLEVEY, MAHAN & FURRY
110 North Main Street, Suite 1000
Dayton, Ohio 45402
Ph: (937) 223-6003
Fax: (937) 223-8550
saw@dmfdayton.com
mjb@dmfdayton.com
Attorneys for Defendant

**MEMORANDUM**

**I.     INTRODUCTION.**

In his Complaint alleging "copyright misuse," Plaintiff seeks the following: (1) a declaration that he did not infringe The Connor Group's copyrights when he took and used in his blog portions of newsletters that The Connor Group created and issued for the benefit of its staff; and (2) a declaration that, if he did not infringe The Connor Group's copyrights, then The Connor Group "misused" those copyrights when it issued takedown notices under the Digital Millennium Copyright Act of 1998, Pub. L. No. 105-304, 112 Stat. 2860 (codified in various sections of U.S.C.) (referred to herein as the "DMCA"). As explained below, Plaintiff's Complaint is defective in numerous respects and must be dismissed.

First, the DMCA provides an adequate legal remedy to address Plaintiff's allegations; that prohibits Plaintiff from pursuing claims premised on any equitable theory, such as Plaintiff's purported "copyright misuse" theory. Second, federal courts do not entertain cases involving issues of copyright infringement where the claimant fails to establish that the underlying copyrights were registered with the U.S. Copyright Office[1], such as in the case at bar. Plaintiff's Complaint fails in this respect as well. Third, even if the "copyright misuse" doctrine were recognized, it certainly would not be applied to the circumstances set forth in Plaintiff's Complaint. This is yet another reason Plaintiff's Complaint should be rejected. In the end, Plaintiff's Complaint simply fails to state **any** claim upon which relief may be granted.

Moreover, the Copyright Act permits the award of costs and attorney's fees to the prevailing party. Accordingly, The Connor Group requests such an award in its favor upon

---

[1] This is not an omission that Plaintiff can cure by amending his Complaint. As Plaintiff must concede, the copyrights at issue are **not** registered.

dismissal of the Complaint, if the Court determines that Plaintiff's Complaint in fact implicated the Copyright Act.

**II.    PLAINTIFF IS PROHIBITED FROM PURSUING AN EQUITABLE THEORY OF "COPYRIGHT MISUSE," BECAUSE THE DMCA PROVIDES AN ADEQUATE REMEDY AT LAW THAT DIRECTLY ADDRESSES PLAINTIFF'S ALLEGATIONS.**

In the DMCA, Congress constructed a detailed procedure for bloggers, such as Plaintiff, to utilize if they feel adversely affected by a DMCA takedown notice[2].  In Section 512(f) of the DMCA, Congress specifically established a cause of action that permits parties alleging non-compliance with and/or abuse of this procedure to seek legal remedies, including damages.  See *17 U.S.C. § 512(f)* (permitting claim for damages and other relief against "[a]ny person who knowingly materially misrepresents *** that material or activity is infringing").

For whatever reason, Plaintiff has not pursued the Section 512(f) legal remedies, but instead has filed suit under an ill-conceived "copyright misuse" theory that is equitable in nature. See, e.g., *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005) (providing that "the remedy for copyright misuse is equitable").  There is no compelling reason to permit Plaintiff to pursue this equitable theory in the instant case, because the DMCA provides Plaintiff an adequate remedy at law.

As discussed in Section V below, the "copyright misuse" doctrine has not been recognized by the Sixth Circuit.  See, e.g., *Budish v. Gordon*, 784 F.Supp. 1320, 1336 (N.D.Ohio 1992) (observing same).  The few circuit courts that have recognized the doctrine have done so in a very limited context:  as an equitable affirmative defense that may be applied to prevent a

---

[2] 17 U.S.C. § 512(c) of the DMCA established a process by which a copyright holder can quickly notify an online service provider if material posted by a user of the service (a blogger, for example) infringes upon the holder's copyright.  The service provider can avoid liability to the copyright holder if it responds to the notice by removing, i.e., "taking down," the offending material.  Thus, the "takedown notice" moniker was created.  The DMCA also created a "counter notice" procedure, however, whereby the user can challenge the propriety of the takedown notice under Section 512(g) and prevent removal of the material.

3

copyright holder from enforcing its copyright to obtain an unfair economic advantage, i.e., a monopoly in a certain market.  See, e.g., See, e.g., *Altera Corp.*, 424 F.3d at 1090.  Here, Plaintiff's Complaint does not allege any economic or monopolistic concerns.  Therefore, Plaintiff's attempted use of the "copyright misuse" doctrine to support his Complaint is wholly inappropriate, and the Complaint fails to state a claim upon which relief may be granted.

The DMCA, however, very clearly provides Plaintiff a statutory legal remedy.  See *17 U.S.C. § 512(f)*.  It is hornbook law that equitable remedies are available **only** in the absence of an adequate legal remedy.  See, e.g., *Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir. 1972).  Because the DMCA provides an adequate remedy at law for the perceived wrong about which Plaintiff complains, he cannot maintain this lawsuit relying upon an equitable "copyright misuse" theory, even if such a theory were otherwise available to him.  Plaintiff's Complaint must be dismissed, with prejudice, for this reason alone.

**III.  THE COPYRIGHT ACT PROHIBITS INFRINGEMENT-RELATED CLAIMS IN CONNECTION WITH UNREGISTERED COPYRIGHTS.**

Plaintiff's Complaint also fails to state a claim upon which relief may be granted because it fails to establish (or even allege) that the copyrights at issue are registered copyrights.

Under 17 U.S.C. § 411(a) of the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  Thus, the Copyright Act requires that preregistration/registration of a claimed copyright has occurred before a party can bring a civil action related to infringement of that copyright.  See *Murray Hill Publications v. ABC Communications, Inc.*, 264 F.3d 622, 632 (6th Cir. 2001) (providing that because "Congress intended the jurisdictional requirements of § 411(a) to add clarity and certainty to the enforcement of copyrights; we therefore adopt the rule that a copyright owner must register its

derivative works with the United States Copyright Office as a jurisdictional prerequisite to bringing a copyright infringement suit"), abrogated in part by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). See also *Compass Homes, Inc. v. Heritage Custom Homes*, 2014 U.S. Dist. LEXIS 64523, *7 (S.D.Ohio May 9, 2014) (citing 17 U.S.C. § 411(a)); *Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distrib, Inc.*, 2010 U.S. Dist. LEXIS 103795, *13 (M.D.Tenn. Sept. 28, 2010).

Fed. R. Civ. P. 8(a)(2) and well-established federal pleading standards require that a complaint contain a short and plain statement of the claim showing the pleader is entitled to relief.  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).  To do so, the complaint must include either direct or inferential allegations respecting all of the material elements to sustain recovery under some viable legal theory.  See *Sony/ATV Music Publ'g LLC*, 2010 U.S. Dist. LEXIS 103795, at *7-8 (applying *Iqbal/Twombly* pleading standards to dismiss for failure to state a claim copyright infringement claims regarding unregistered copyrights); *Doyle Homes, Inc. v. Signature Group of Livingston, Inc.*, 2014 U.S. Dist. LEXIS 162166, *16-17 (E.D.Mich. Nov. 19, 2014) (same).  See also *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and providing that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").  Because infringement-related claims involving unregistered copyrights simply are not viable under the Copyright Act, such claims cannot support a viable legal theory for recovery and, therefore, fail to withstand a motion to dismiss under Rule 12(b)(6).  See *Schenck v. Orosz*, 2013 U.S. Dist. LEXIS 160690, *25 (M.D.Tenn. Nov. 7, 2013) (observing that a motion to dismiss under Rule 12(b)(6) is appropriate as to infringement-related claims regarding unregistered copyrights because the

statutory analysis required presents a pure question of law). See also *Doyle Homes*, 2014 U.S. Dist. LEXIS 162166. In fact, district courts within the Sixth Circuit "**have uniformly concluded that, upon a motion for failure to state a claim under Rule 12(b)(6), claims premised on unregistered copyrights must be dismissed in light of § 411(a)**." *Schenck*, 2013 U.S. Dist. LEXIS 160690, at *21 (observing same) (emphasis added).

Here, Plaintiff fails to state a claim to relief that is plausible on its face and, therefore, does not satisfy minimum federal pleading standards. See, e.g., *Iqbal*, 129 S. Ct. at 1949. Specifically, Plaintiff's Complaint clearly fails to establish—or even allege—that the copyrights at issue are **registered**. Even taking all the other allegations as true for purposes of this Motion to Dismiss, Plaintiff's Complaint does not sufficiently allege on its face **all** required aspects of cognizable copyright infringement-related claims. See *Mayo Clinic v. Elkin*, 2010 U.S. Dist. LEXIS 136667 (D.Minn. Dec. 27, 2010) (dismissing counterclaim for declaratory judgment as to copyright infringement due to lack of registration, which court described as "an essential element" of infringement-related claim). See also *Doyle Homes*, 2014 U.S. Dist. LEXIS 162166, at *16-17; *Compass Homes*, 2014 U.S. Dist. LEXIS 64523, at *8-9 (declining to dismiss infringement claims for lack of registration because plaintiff did aver in complaint that it obtained registration). Because this pleading defect is one that Plaintiff cannot cure, his Complaint should be dismissed.

The Copyright Act's prohibition against infringement-related claims regarding unregistered copyrights certainly is not new. Prior to March 2010, federal courts actually treated the registration requirement as jurisdictional, such that infringement-related suits involving unregistered copyrights were quickly dismissed for lack of subject matter jurisdiction. See *Murray Hill*, 264 F.3d at 630-32. See also *Weitzman v. Microcomputer Resources, Inc.*, 542

6

F.3d 859 (11th Cir. 2008) (dismissing for lack of subject matter jurisdiction a suit seeking declaration of non-infringement of unregistered copyright), abrogated in part by *Reed Elsevier*, 559 U.S. 154; *Ceramic Performance Worldwide, LLC v. Motor Works*, *LLC* 2010 U.S. Dist. LEXIS 4604 (N.D.Tex. Jan. 21, 2010) (same); *Specific Software Solutions, LLC v. Inst. of Workcomp Advisors, LLC,* 615 F.Supp.2d 708 (M.D.Tenn. 2009*)* (same). This included not only infringement suits by copyright holders, but also suits in which a party sought a declaration that it was not infringing upon the copyright of another[3], which is the very claim Plaintiff is attempting to assert in the instant case. See *Weitzman*, 542 F.3d 859, abrogated on other grounds by *Reed Elsevier*, 559 U.S. 154. See also *Specific Software Solutions, LLC v. Inst. of Workcomp Advisors, LLC*, 615 F.Supp.2d 708, 712 (M.D.Tenn. 2009) (observing that "the Sixth Circuit has concluded [that] with very limited exceptions *** registration is a prerequisite to filing a copyright infringement suit") (internal quotations omitted); *Optovue Corp. v. Carl Zeiss Meditec, Inc.*, 2007 U.S. Dist. LEXIS 65647 (N.D.Cal. Aug. 20, 2007). See also *Schenck*, 2013 U.S. Dist. LEXIS 160690, at *32-33 (providing that Digital Millennium Copyright Act of 1998 did not displace registration requirement of § 411, which applies equally to claims arising under DMCA, such as those related to takedown notices). While a small minority of courts declined to apply the registration requirement to declaratory actions for non-infringement, see, e.g., *Application Science & Technology, LLC v. Statmon Technology Corp.*, 2006 U.S. Dist. LEXIS 35885 (N.D.Ill. Apr. 21, 2006), the better-reasoned majority determined that such actions are governed by the "prerequisite of registration to the same extent as if the defendant had asserted a claim of

---

[3] It must be noted that regardless of whether the copyright holder is the plaintiff or defendant in the action, the holder has no affirmative legal obligation to seek preregistration/registration of the claimed copyright. The requirements of § 411(a), as to infringement-related suits, simply are intended to incentivize formal copyright registration through the United States Copyright Office. See *Specific Software Solutions, LLC v. Inst. of Workcomp Advisors, LLC*, 615 F.Supp.2d 708, 716 (M.D.Tenn. 2009).

copyright infringement." *Specific Software Solutions*, 615 F. Supp.2d at 714 (citing *Weitzman*, 542 F.3d at 863).

In *Specific Software Solutions*, a sister district court dismissed the very claim Plaintiff is attempting to assert in the instant case and explained why that result was mandated by Sixth Circuit precedent:

> Where the court is called upon to interpret the language of a statute, and that language is clear, as it is here [in the case of § 411(a)], it is simply the role of the courts to enforce that language. *Hoge v. Honda of Am. Manufacturing, Inc.*, 384 F.3d 238, 247 (6th Cir. 2004). Because the defendant's copyrights have not been "registered" as that term is used in the Copyright Act, the court does not have jurisdiction over copyright infringement claims related to those copyrights, and that includes the "anticipatory" declaratory judgment action advanced here by the plaintiff. Therefore, the plaintiff's Complaint will be dismissed.

615 F.Supp.2d at 716.

In March 2010, the U.S. Supreme Court's decision in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S.Ct. 1237 (2010), required a change in federal courts' approach to dismissing infringement-related claims involving unregistered copyrights. *Reed Elsevier* does not alter the importance of registration or affect the result required in the instant case, however.

In *Reed Elsevier*, the Supreme Court held that failure to register does not deprive a federal court of subject matter jurisdiction over an infringement suit; instead, registration is a claim-processing rule that serves as a **pre-condition** to assertion of an infringement-related claim. *Id.* (emphasis added). See also *Compass Homes*, 2014 U.S. Dist. LEXIS 64523, at *10-11 (interpreting *Reed Elsevier* as such and observing that "district courts in [the Sixth Circuit] following the *Elsevier* decision have 'uniformly concluded that *** claims premised on unregistered copyrights must be dismissed in light of § 411(a)"). As a result, federal courts since *Reed Elsevier* continue to dismiss infringement-related claims involving unregistered copyrights. The stated basis now, however, is failure to establish the **pre-condition** that the claimed

copyrights at issue are registered with the Copyright Office.  See, e.g., *Sony/ATV Music Publ'g LLC*, 2010 U.S. Dist. LEXIS 103795; *Schenck*, 2013 U.S. Dist. LEXIS 160690; *Massacre v. Davies*, 2014 U.S. Dist. LEXIS 114787 (N.D.Cal. Aug. 18, 2014); *Breadmore v. Jacobson*, 2014 U.S. Dist. LEXIS 97332 (S.D.Tex. July 14, 2014); *Membler.com LLC v. Barber*, 2013 U.S. Dist. LEXIS 135862, *11 (E.D.N.Y. Sept. 23, 2013) (listing other such cases within pertinent circuit); *Heinlein v. West Publ. Corp.*, 2012 U.S. Dist. LEXIS 189656 (D.Conn. Dec. 27, 2012); *Alicea v. Machete Music*, 2012 U.S. Dist. LEXIS 22596 (D.Mass. Feb. 23, 2012); *Compound Stock Earnings Seminars, Inc. v. Dannenberg*, 2012 U.S. Dist. LEXIS 1014 (N.D.Tex. Jan. 4, 2012).

Just as in the past, prior to *Reed Elsevier*, dismissal remains the approach to traditional infringement suits by copyright holders, **and** to declaratory judgment actions seeking a determination of rights related to an unregistered copyright.  See *Mayo Clinic*, 2010 U.S. Dist. LEXIS 136667.  See also *Compass Homes*, 2014 U.S. Dist. LEXIS 64523, *10-11 (acknowledging registration requirement but declining to dismiss complaint where plaintiff at least averred that copyright at issue had been registered).

Based on the authority above, Plaintiff in the instant case cannot pursue issues related to copyright infringement without establishing the pre-condition that the copyrights at issue are registered with the U.S. Copyright Office.

### IV. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE THAT THE COPYRIGHTS WERE REGISTERED; THEREFORE, IT FAILS TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

A review of Plaintiff's Complaint leaves no doubt that it involves issues related to copyright infringement yet fails to establish (or to even allege) that the Connor Group copyrights at issue have been registered with the U.S. Copyright Office.  The registration prerequisite applies to Plaintiff's claims (see Section II above) but Plaintiff cannot satisfy it so long as the

9

copyrights are not registered. And The Connor Group is not required to register them. See *Specific Software Solutions,* 615 F.Supp.2d at 716. The end result, therefore, is that Plaintiff is prohibited from seeking infringement-related determinations as to those copyrights, just as The Connor Group would be prohibited from doing so as the copyright holder. See, e.g., *Weitzman*, 542 F.3d 859; *Specific Software Solutions, LLC*, 615 F.Supp.2d 708; *Optovue Corp.*, 2007 U.S. Dist. LEXIS 65647; *Schenck*, 2013 U.S. Dist. LEXIS 160690; *Mayo Clinic*, 2010 U.S. Dist. LEXIS 136667; *Compass Homes*, 2014 U.S. Dist. LEXIS 64523. Plaintiff's Complaint should be dismissed for this reason as well.

### V. PLAINTIFF CANNOT MAINTAIN AN ACTION BASED ON "COPYRIGHT MISUSE."

#### A. Plaintiff cannot pursue a "copyright misuse" claim premised on unregistered copyrights.

Plaintiff's Complaint is premised on the dubious theory of "copyright misuse." As a threshold matter, for the reasons explained above, Plaintiff cannot assert infringement-related claims because he has failed to allege that this case involves registered copyrights. (See Sections III and IV above). For the same reasons, Plaintiff is prohibited from pursuing a claim based upon his novel "copyright misuse" theory in connection with those same copyrights.

#### B. "Copyright misuse" has not been recognized by the Sixth Circuit.

Furthermore, even when dealing with registered copyrights, the judicially-created doctrine of "copyright misuse" has not been broadly accepted by the courts. Indeed, to this very day, it has not been recognized by most courts of appeals, including the Sixth Circuit. See *Budish*, 784 F.Supp. at 1336 (observing same); *Microsoft Corp. v. Compusource Dist., Inc.*, 115 F.Supp.2d 800, 810 (E.D.Mich. 2000) (observing same and citing *Nat'l Football League v.*

*Rondor*, 840 F.Supp. 1160, 1168 (N.D. Ohio 1993)). This reason alone is sufficient to reject Plaintiff's Complaint.

      **C.    Even those courts that have recognized "copyright misuse" have recognized it under very limited circumstances that are not applicable here.**

As the Ninth Circuit recently noted, "[c]opyright misuse is a judicially crafted affirmative defense to copyright infringement" that courts have applied "sparingly." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1157 (9th Cir. 2011). Thus, both the Ninth Circuit and Fourth Circuit have adopted the view that "copyright misuse involves restraining development of competing products." *Id.* at 1158. See also *Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970 (4th Cir. 1990). Courts that have recognized and applied the "copyright misuse" doctrine have done so on a very limited basis, such as where it is necessary to prevent a copyright holder from obtaining an unfair economic advantage—i.e., a monopoly—in a certain market. See *Lasercomb*, 911 F.2d at 978 (recognizing "copyright misuse" as involving use of a copyright to secure an exclusive right or monopoly not granted by the Copyright Office and contrary to public policy); *Apple Inc.*, 658 F.3d 1150 (observing that the purpose of the "copyright misuse" defense is to prevent copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly, such as through improper tying agreements that prohibit use of competing products).

As explained in *Budish v. Gordon*, 784 F. Supp. 1320 (N.D. Ohio 1992) (Sixth Circuit Judge Batchelder sitting by designation):

> [T]he burden of the party asserting misuse is "great," and *** if no antitrust violation is proven the party must show the copyright holder "somehow illegally extended its monopoly or otherwise violated the public policy underlying copyright law.

11

*Id.* at 1336 (quoting *Nat'l Cable Television Ass'n. Inc. v Broadcast Music, Inc.*, 772 F. Supp. 614 (D.D.C 1991)).

Thus, in *Budish*, Judge Batchelder found that even though the Sixth Circuit had not recognized the copyright misuse defense, it was unnecessary to decide whether to recognize the defense in that case because it would not apply in any event given its limited nature. *Id.* See also *id.* at 1336 n10, wherein Judge Batchelder compiled cases refusing to recognize the defense.

As noted by the Fourth Circuit in *Lasercomb*, to the extent that it is recognized at all, the "copyright misuse defense" is an extension by analogy of the more broadly recognized "patent misuse defense." 911 F.2d at 978. This is important because even the more established patent misuse defense has a "narrow scope" and "is not available to a presumptive infringer simply because a patentee engages in some kind of wrongful commercial conduct, even conduct that may have anticompetitive effects." *Princo Corp. v. ITC*, 616 F.3d 1318, 1329 (Fed. Cir. 2010), cert. denied, 131 S. Ct. 2480 (2011). It "'does not include a general notion of 'wrongful' use.'" *Id.* (quoting *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1373 (Fed. Cir. 1998). As explained in *Princo*, it is limited to misuse which has "anticompetitive effects." *Id.*

As recently as this year, this limitation has been expressly recognized by this Court:

> The [patent misuse] defense requires a factual determination as to whether the overall effect of the license tends to restrain competition unlawfully in an appropriately defined relevant market.

*Lexmark Int'l, Inc. v. Ink Technologies Printer Supplies, LLC*, 2014 U.S. Dist. LEXIS 41045, *13 n2 (S.D. Ohio W.D. Mar. 27, 2014).

Therefore, even if copyright misuse would be accepted as an extension of the concept of patent misuse, there is absolutely no basis for extending it beyond the widely accepted limitation of the patent misuse doctrine. Because Plaintiff, a self-proclaimed blogger, has not alleged any

12

restraint on competition or other anti-competitive activity, his "misuse" argument, based upon nothing more than "a general notion of wrongful use," must be rejected.

### D. Even if "copyright misuse" were otherwise applicable to this case, Plaintiff cannot advance it as an affirmative claim for relief.

In this case, Plaintiff is on even shakier ground. Plaintiff is not just attempting to invoke copyright misuse as an **affirmative defense**. He is attempting to stretch it even further by asserting it as an **affirmative claim for relief**. This clearly is against the overwhelming weight of authority.

Even the circuit courts that have recognized copyright misuse have specifically recognized it only as an affirmative defense, and not as an independent claim for relief. This issue was before the Ninth Circuit in *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079 (9th Cir. 2005). The Ninth Circuit affirmed a district court decision which found "no clear authority for extending the doctrine of copyright misuse beyond 'its logical place as a defense to a claim of copyright infringement.'" *Id.* at 1090. In doing so, the Ninth Circuit emphasized that even though it had adopted the doctrine of "copyright misuse," both the Ninth Circuit and the Fifth Circuit have only recognized the doctrine as an affirmative defense. *Id.* (citing *Alcatel USA, Inc. v. DGI Techs, Inc.*, 166 F.3d 772 (5th Cir. 1999). The *Altera* court made clear that when the defendant has not pled an allegation of copyright infringement, "it makes little sense to allow [the plaintiff] to proceed on an independent claim for copyright misuse." *Id.* at 1090 (rejecting "copyright misuse" as a stand-alone claim). Cf. *U.S. Ring Binder, L.P. v. World Wide Stationery Manuf'g Co., Ltd.*, 804 F.Supp.2d 588, 600 (N.D. Ohio W.D. 2011) (applying same analysis in dismissing a patent misuse claim: "Not having filed a responsive pleading, [defendant], of course, has not asserted a patent infringement claim in this case."). See also *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 269 F.Supp.2d 1213, 1225-27 (C.D.Cal.

2003) (rejecting "copyright misuse" as an affirmative claim); *Ticketmaster, LLC v. RMG Tech., Inc.*, 536 F.Supp.2d 1191, 1198-99 (C.D.Cal. 2008) (same); *Online Policy Group v. Diebold, Inc.*, 337 F.Supp.2d 1195, 1198 n4 (N.D.Cal. 2004) (observing that neither plaintiff nor the court could find authority to support a proposed "copyright misuse" claim). *Varsity Brands, Inc. v. Athletica, LLC*, 2014 U.S. Dist. LEXIS 26279, *26 n5 (W.D.Tenn. Mar. 1, 2014) (noting that defendant's purported claims of copyright misuse are "more accurately described as 'affirmative defenses'" and citing authority to that effect). Even in the few instances where district courts that have permitted "copyright misuse" to be advanced as an **affirmative claim for relief** rather than an **affirmative defense**, the doctrine has been similarly restricted to unfair competition claims. See *Midwest Tape, LLC v. Recorded Books, LLC*, 2010 U.S. Dist. LEXIS 29718 (N.D.Ohio Mar. 26, 2010) (commercial case premised on allegations of unfair competition)[4].

Plaintiff's Complaint in the instant case obviously does not remotely involve any element of unfair competition or other anticompetitive behavior. It does not implicate any of the economic/monopolistic concerns underlying courts' limited application of the "copyright misuse" doctrine. Thus, Plaintiff cannot advance such a claim.

**VI. BECAUSE THE COMPLAINT PURPORTS TO ASSERT CLAIMS UNDER THE COPYRIGHT ACT, THE CONNOR GROUP WOULD BE ENTITLED TO ATTORNEY'S FEES UPON DISMISSAL OF PLAINTIFF'S COMPLAINT.**

"Section 505 of the Copyright Act provides that 'the court may also award a reasonable attorney's fee to the prevailing party as part of the costs'" in copyright infringement litigation. *Specific Software Solutions*, 615 F.Supp.2d at 716 n7 (quoting 17 U.S.C. § 505). Such fees are properly awarded to a prevailing defendant where the claim asserted is "'frivolous,' driven by improper motives, or 'objectively unreasonable.'" *Specific Software Solutions*, 615 F.Supp.2d at

---

[4] Any broader reading of *Midwest Tape* would be irreconcilable with both Judge Batchelder's decision in *Budish* (another Northern District of Ohio case) and this Court's decision in *Lexmark*.

716 n7 (quoting *Fogerty v. MGM Holdings Group Corp., Inc.*, 379 F.3d 348, 357 (6th Cir. 2004)).

If Plaintiff's Complaint in the instant case does invoke the Copyright Act, doing so was "objectively unreasonable" in light of the precedent discussed above, particularly the precedent from courts within the Sixth Circuit. For example, Plaintiff completely failed to address the issue of registration in the Complaint, despite the fact that it is a pre-condition to the claims he attempted to assert, and failed to plead sufficient dates and facts to show that there is an actual, current controversy[5].

As a result, The Connor Group respectfully requests its attorney's fees and costs incurred in connection with the instant lawsuit.

**VII. CONCLUSION.**

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice, and The Connor Group is entitled to its reasonable attorney's fees pursuant to § 505 of the Copyright Act.

Respectfully submitted,

s/Stephen A. Watring
Stephen A. Watring (0007761)
Matthew J. Bakota (0079830)
DUNLEVEY, MAHAN & FURRY
110 North Main Street, Suite 1000
Dayton, Ohio 45402
Ph: (937) 223-6003
Fax: (937) 223-8550
saw@dmfdayton.com
mjb@dmfdayton.com
Attorneys for Defendant

---

[5] In this respect, assuming *arguendo* that Plaintiff's Complaint is not dismissed for the reasons set forth in this Motion, The Connor Group would anticipate a future dispositive motion once sufficient facts are established in the record to demonstrate that there really is no current, substantial controversy between the parties that would be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. See *1-800-Flowers.com, Inc. v. Edible Arrangements, LLC*, 905 F.Supp.2d 451, 454 (E.D.N.Y. 2012) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Plaintiff temporarily concealed this issue by failing to include dates in his Complaint.

15

**CERTIFICATE OF SERVICE.**

      I hereby certify that a copy of the foregoing was hereby filed electronically this 8th day of December, 2014.  Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

      /s/ Stephen A. Watring
      Stephen A. Watring (0007761)